# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10987
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2014

Lyle W. Cayce
Clerk

SEALED APPELLEE,

                              Plaintiff - Appellee

v.

SEALED APPELLANT,

                              Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1445

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellee A.V. filed a petition under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), T.I.A.S. No. 11670, 19 I.L.M. 1501, *codified by* the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601, *et seq.*, seeking the return of her child, M.V., to Mexico. In her petition, Plaintiff-Appellee alleged that Defendant-Appellant, M.A.V., unlawfully abducted their minor child when he removed M.V. from Mexico and took M.V. to the United States on June 16,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2012. On August 27, 2013, the district court found that M.V. had been wrongfully removed to the United States and ordered Respondent-Appellant to return M.V. to Mexico. On September 23, 2013, a panel of this Court denied Respondent's motion for a stay pending appeal. We now affirm the judgment of the district court.

The only issue on appeal is whether the district court correctly determined that Mexico, and not the United States, was M.V.'s habitual residence for the purposes of the Convention. *See* 42 U.S.C. § 11603(e)(1); Convention art. 3. Respondent raises three points of contention with the district court's habitual residence determination: (1) whether the district court's habitual residence determination was supported by sufficient evidence; (2) whether the objective facts of the case unequivocally point to Mexico as M.V.'s new habitual residence; and (3) whether the district court improperly shifted the burden of proof to Respondent to prove that he did not agree to change M.V.'s habitual residence to Mexico.

Applying our decision in *Larbie v. Larbie*, 690 F.3d 295 (5th Cir. 2012), the district court found that the parties manifested a shared intent for M.V. to abandon the United States as her habitual residence and to remain in Mexico indefinitely. The district court's finding that Mexico was M.V.'s habitual residence at the time of M.V.'s removal is supported by sufficient and compelling evidence. The district court based its decision in part on the credibility of both Petitioner and Respondent, and we afford credibility determinations great deference upon appellate review. *See Gitter v. Gitter*, 396 F.3d 124, 133 (2d Cir. 2005) ("[T]he court's task [is] to determine the intentions of the parents as of the last time that their intentions were shared. Clearly, this is a question of fact in which the findings of the district court are entitled to deference."); *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 345 (5th Cir. 2004) ("We defer to the district court's credibility determinations and will not

2

disturb them unless a review of the evidence leaves us with the definite and firm conviction that a mistake has been made." (internal quotation marks and citation omitted)).

Respondent also argues that the district court improperly placed the burden on him to show that he and Petitioner did not share an intent for M.V. to remain in Mexico, though the law requires the Hague Convention petitioner to carry the burden of proof. *See* 42 U.S.C. § 11603(e) ("A petitioner . . . shall establish by a preponderance of the evidence . . . that the child has been wrongfully removed or retained within the meaning of the Convention."). When making its shared intent determination, the district court stated, "The Court relies on Petitioner's credible testimony that, during Respondent's August 2011 tripe [*sic*] to Linares, Mexico, the pair agreed to alter M.V.'s permanent residence." After determining that Petitioner had met her burden of proof, only then did the court explain, "Aside from Petitioner's credible testimony, convincing circumstantial evidence exists to demonstrate that, in addition to the parties' agreement in August 2011 to make Mexico M.V.'s home, Respondent acquiesced to M.V. laying permanent roots there." The record shows that the district court properly placed the burden of proof on Petitioner to establish M.V.'s habitual residence, and only viewed the circumstantial evidence of Respondent's failure to object after the fact as additional proof to support its conclusion.

Finally, Respondent's argument that the district court should not have considered the parties' actions surrounding M.V.'s move to Mexico is unavailing. Since *Larbie*'s shared intent standard is a fact-based inquiry, the district court properly considered the events surrounding the parties' agreement to move M.V. to Mexico when making its habitual residence determination. *See Gitter*, 396 F.3d at 134 ("In making [the shared intent] determination the court should look, as always in determining intent, at

actions as well as declarations."); *see also Larbie*, 690 F.3d at 310 (noting that the inquiry into a child's habitual residence "is a fact-intensive determination that necessarily varies with the circumstances of each case").[1]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] The district court did not reach the second step of the Larbie test, namely, "Absent [the parties'] shared intent, prior habitual residence should be deemed supplanted only where 'the objective facts point unequivocally' to this conclusion." *Larbie*, 690 F.3d at 310–11. Because we affirm this case based on the parties' shared intent, we do not reach this issue either.